Justice Breyer,
with whom Justice Souter joins, dissenting.
I join Justice Stevens’ dissent. I write separately to emphasize that, in my opinion, the Court’s strongest piece of evidence — defense counsel’s words “no objection” (uttered in response to the court’s excusing Juror Z) — should play no *45 role in our analysis. App. 75. The words “no objection” meant in context at most what they say, namely that defense counsel did not object to the judge’s excusing Juror Z for cause. Often States treat such a failure to object as waiving a point. But that is not so here. That is because the Washington Supreme Court has told us that, under state law, counsel’s failure to object is without significant legal effect. Ante, at 20 (opinion of the Court); ante, at 42 (Stevens, J., dissenting); State v. Levy, 156 Wash. 2d 709, 719-720, 132 P. 3d 1076, 1080-1081 (2006). And that means we must treat this case as if a proper objection had been made.
The majority continues to rely upon the statement, however, not as proving an objection, but as helping to demonstrate courtroom “atmospherics,” such as facial expressions or vocal hesitations or tones of voice sufficient to warrant excusing Juror Z for cause. Ante, at 17-20, 21. But in my view the majority reads too much into too little. What the words “no objection” suggest is simply that defense counsel did not have any objection. And to find more in those few words treats them like a Rorschach blot, permitting a reviewing judge to affirm (or to reverse) the trial judge on no more than the subjective view of the written record that the appellate judge may take. Or, it simply offers a backdoor way to avoid the effect of Washington’s procedural rule. The latter would wrongly ignore Washington law. The former would too often make it impossible to obtain meaningful review of silent records. There is no need, after all, to stretch the significance of ordinary statements and thereby to assume special atmospherics that support (or undercut) a trial judge’s decision. Where special courtroom atmospherics matter, a lawyer (or the judge) can always make appropriate remarks for the récord.
Basing my conclusions, then, on the written record itself, and in particular upon what Juror Z said in response to questions, I believe, for the reasons Justice Stevens sets forth (and applying the Antiterrorism and Effective Death Penalty *46 Act's strict standard), that the trial judge’s decision to excuse Juror Z was constitutionally erroneous and a new trial is necessary.
For these reasons, I dissent.